UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

CHARLES SHEPPARD,

        Plaintiff,

   v.                                  Case No. 21-C-127

NANCY BOWENS, et al.,

        Defendants.

---

## SCREENING ORDER

---

Plaintiff Charles Sheppard, a prisoner who is representing himself, filed a complaint under 42 U.S.C. §1983, alleging that the defendants violated his civil rights. Sheppard paid the civil case filing fee in full on February 19, 2021. This matter comes before the Court on Sheppard's motion for a preliminary injunction and for screening of the complaint.

### SCREENING OF THE COMPLAINT

The Court has a duty to review any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity, and dismiss any complaint or portion thereof if the prisoner has raised any claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b). In screening a complaint, the Court must determine whether the complaint complies with the Federal Rules of Civil Procedure and states at least plausible claims for which relief may be granted. To state a cognizable claim under the federal notice pleading system, a plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). It must be at least sufficient to provide notice to each defendant of what he or she is accused of doing, as well

as when and where the alleged actions or inactions occurred, and the nature and extent of any damage or injury the actions or inactions caused.

"The pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* A complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 556. "[T]he complaint's allegations must be enough to raise a right to relief above the speculative level." *Id*. at 555 (internal quotations omitted).

### COMPLAINT ALLEGATIONS

Sheppard is an inmate at the Oshkosh Correctional Institution (OCI). Dkt. No. 1, ¶3. Defendants are Nurse Practitioner Nancy Bowens, "Jane/John Doe Health Service Unit (HSU) Manager," and "Jane/John Doe Regional Nursing Coordinator." *Id*., ¶¶4-6.

Sheppard has a diabetic neuropathy, which causes significant bodily pain. *Id*., ¶15. After many years of trial and error, Sheppard finally found a medication (Pregabalin) that was effective to treat his medical condition. *Id*., ¶12. The brand name for Pregabalin in Lyrica. Sheppard alleges that during one of his appointments with Bowens, she brought up details about a previous lawsuit that he filed regarding his Pregabalin in the Western District of Wisconsin, *Sheppard v. Waterman*, No. 18-CV-896-WMC (W.D. Wis.). Dkt. No. 1, ¶18. He asserts that she insinuated that, due to that lawsuit, she was going to discontinue his Pregabalin. *Id.*

2

Sheppard alleges that, on October 2, 2020, Bowens and "Jane/John Doe HSU Manager" made the decision to abruptly discontinue his prescription for Pregabalin without weaning him off the medication. *Id.*, ¶9. Sheppard asserts that he explained to them that he had been taking Pregabalin for years and that the abrupt discontinuation of the medication in the past had caused painful withdrawal symptoms, including stomach aches, excessive sweating, itching, headaches, vomiting, and seizures. *Id.*, ¶¶10-12. He claims that they disregarded what he told them, abruptly discontinued the medication, and prescribed Nortriptyline in its place because it was cheaper. *Id.*, ¶¶10–13.

Sheppard alleges that, since discontinuing Pregabalin, he has had seizures "repeatedly for the last few months," but Bowens has not given him anything to treat the seizures. *Id.*, ¶14. He claims that his Diabetic Neuropathy is now "severe," that the pain is "unbearable" and "more intense," and that the Diabetic Neuropathy has spread to his feet, legs, and hands. *Id.*, ¶15. Sheppard asserts that, for four months, he submitted numerous health service requests to Bowens, "Jane/John Doe Health Service Unit (HSU) Manager," and "Jane/John Doe Regional Nursing Coordinator" advising that the Nortriptaline was not working, that he was having seizures, and that his Diabetic Neuropathy pain was unbearable, but they insisted that he continue taking Nortriptaline and did nothing to treat his pain. *Id.*, ¶¶16-17. For relief, Sheppard seeks monetary damages and an injunction.

### THE COURT'S ANALYSIS

"To state a claim for relief under 42 U.S.C. §1983, a plaintiff must allege that he or she was deprived of a right secured by the Constitution or the laws of the United States, and that this deprivation occurred at the hands of a person or persons acting under the color of state law." *D.S. v. E. Porter Cty. Sch. Corp.*, 799 F.3d 793, 798 (7th Cir. 2015) (citing *Buchanan–Moore v. Cty. of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009)). Sheppard claims that Bowens, "Jane/John Doe

3

HSU Manager," and "Jane/John Doe Regional Nursing Coordinator" were deliberately indifferent to his serious medical needs. The Supreme Court in *Estelle v. Gamble* held that deliberate indifference to serious medical needs of prisoners constitutes the unnecessary and wanton infliction of pain proscribed by the Eighth Amendment. 429 U.S. 97, 104 (1976). To state a deliberate indifference claim, a plaintiff must allege (1) that he suffered from an objectively serious medical condition; and (2) that the defendants were subjectively deliberately indifferent to that condition. *Petties v. Carter*, 836 F.3d 722, 727-28 (7th Cir. 2016). Sheppard alleges that he notified the defendants that he was having severe withdrawal symptoms (including seizures) from discontinuing his prescription for Pregabalin, but they kept persisting in a different medication (Nortriptyline) that they knew was ineffective. He states that he still has not been treated for seizures caused by medication withdrawal. Based on these allegations, Sheppard may proceed with an Eighth Amendment deliberate indifference claim against Bowens, "Jane/John Doe HSU Manager," and "Jane/John Doe Regional Nursing Coordinator."

Sheppard asserts that Bowens retaliated against him. To state a retaliation claim, the plaintiff must allege that (1) he engaged in activity protected by the First Amendment, (2) he suffered a deprivation that would likely deter First Amendment activity in the future, and (3) a causal connection between the two. *Watkins v. Kasper*, 599 F.3d 791, 794 (7th Cir. 2010). Sheppard alleges that, during one of his appointments with Bowens, she brought up details about a previous lawsuit that he filed regarding his Pregabalin and that she insinuated that, due to the lawsuit, she was going to discontinue his Pregabalin. He asserts that Bowens did ultimately discontinue Sheppard's Pregabalin. At this stage, Sheppard's allegations are sufficient to state a retaliation claim against Bowens.

Sheppard also asserts medical malpractice and negligence claims against the defendants. The Court declines to exercise supplemental jurisdiction over these state law claims. *See* 28 U.S.C.

4

§1367. A district court may exercise supplemental jurisdiction over state law claims that "are so related to claims in the action" over which the Court has "original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. §1367(a). Supplemental jurisdiction is not appropriate merely because the claims are "tangentially related" or share a broad factual background. *See Hernandez v. Dart*, 635 F. Supp. 2d 798, 814 (N.D. Ill. 2009). "Instead, the question is whether the proof necessary for the state claim overlaps with the proof necessary for the federal claim." *Birdo v. Mathis*, Case No. 15-cv-456, 2015 WL 3948150, at *3 (S.D. Ill. June 26, 2015) (citations omitted). Sheppard's medical malpractice claim and the related negligence claim implicate complex issues of Wisconsin law. Wisconsin has a specific chapter in its statutes that govern medical malpractice, together with separate exhaustion procedures. The state also has a strong public policy interest in how medical malpractice cases are resolved. The evidence necessary for Sheppard to succeed on his state law claims will not overlap with the evidence necessary for Sheppard to succeed on his federal claims. Therefore, Sheppard's state law claims will be dismissed without prejudice. Although relief in federal court is foreclosed to Sheppard on these state law claims, Sheppard may pursue these claims in state court.

## MOTION FOR A PRELIMINARY INJUNCTION

Sheppard filed a motion for a preliminary injunction. Dkt. No. 2. He asks the Court to "immediately restart his Pregabalin medication 300 MG tablets 3 times per day." *Id*., ¶1. To obtain a preliminary injunction, Sheppard has the burden of establishing that (1) he is likely to succeed on the merits of his claim; (2) he has no adequate remedy at law; and (3) he is likely to suffer irreparable harm without the injunction. *Planned Parenthood of Ind., Inc. v. Comm'r of Ind. State Dep't of Health*, 699 F.3d 962, 972 (7th Cir. 2012) (citing *Am. Civil Liberties Union of Ill. v. Alvarez*, 679 F.3d 583, 589-90 (7th Cir. 2012)). An inmate's disagreement with medical

5

Case 1:21-cv-00127-WCG   Filed 03/28/21   Page 5 of 7   Document 5

professionals on whether he is weaned off medication and/or how he is weaned off medication ordinarily does not have a likelihood of success on the merits. *See, e.g.*, *Reimann v. Rock*, No. 05-C-501-C, 2006 WL 1529661, at *2 (W.D. Wis. May 18, 2006) (concluding that "a disagreement between plaintiff and his health care providers about the manner in which he is weaned off narcotic pain medications . . . has little or no likelihood of success on his Eighth Amendment medical care claim"). But Sheppard's allegation that he has been having seizures for months due to medication withdrawal, for which he claims he has not been treated at all, warrants a response from the defendants. Accordingly, the Court will direct the defendants to file a response to Sheppard's motion for a preliminary injunction on or before April 19, 2021.

## Conclusion

The Court finds that Sheppard may proceed with an Eighth Amendment deliberate indifference claim against Bowens, "Jane/John Doe HSU Manager," and "Jane/John Doe Regional Nursing Coordinator" as well as a retaliation claim against Bowens.

**IT IS THEREFORE ORDERED** that the defendants respond to the plaintiff's motion for a preliminary injunction on or before **April 19, 2021**.

**IT IS FURTHER ORDERED** that pursuant to an informal service agreement between the Wisconsin Department of Justice and this Court, copies of the complaint and this order are being electronically sent today to the Wisconsin Department of Justice for service on the defendants. The defendants shall file a responsive pleading to the complaint within **sixty days** of receiving electronic notice of this order.

**IT IS FURTHER ORDERED** that the parties may not begin discovery until after the Court enters a scheduling order setting deadlines for discovery and dispositive motions.

**IT IS FURTHER ORDERED** that plaintiffs who are inmates at Prisoner E-Filing Program institutions must submit all correspondence and case filings to institution staff, who will

6

Case 1:21-cv-00127-WCG    Filed 03/28/21    Page 6 of 7    Document 5

scan and e-mail documents to the Court. The Prisoner E-Filing Program is mandatory for all inmates of Green Bay Correctional Institution, Waupun Correctional Institution, Dodge Correctional Institution, Wisconsin Secure Program Facility, Columbia Correctional Institution, and Oshkosh Correctional Institution. Plaintiffs who are inmates at all other prison facilities must submit the original document for each filing to the Court to the following address:

>Honorable William C. Griesbach
>c/o Office of the Clerk
>United States District Court
>Eastern District of Wisconsin
>125 S. Jefferson Street, Suite 102
>Green Bay, WI 54301

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS. It will only delay the processing of the matter.

Sheppard is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute. In addition, the parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Enclosed is a guide prepared by court staff to address common questions that arise in cases filed by prisoners. Entitled "Answers to Prisoner Litigants' Common Questions," this guide contains information that Sheppard may find useful in prosecuting this case.

Dated at Green Bay, Wisconsin this 26th day of March, 2021.

>s/ William C. Griesbach
>William C. Griesbach
>United States District Judge