UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

CHARLES SHEPPARD,

    Plaintiff,

v.                                      Case No. 21-C-127

NANCY BOWENS, et al.,

    Defendants.

## ORDER

Charles Sheppard, who is representing himself, is proceeding with a claim that the defendants were deliberately indifferent towards his serious medical condition and retaliated against him based on a prior lawsuit. Dkt. No. 5. Along with his original complaint, Sheppard filed a motion for a preliminary injunction asking the Court to "immediately restart his Pregabalin medication 300 MG tablets 3 times per day." Dkt. No. 2, ¶1. He states that the defendants discontinued his medication then "refused" to treat his diabetic neuropathy pain. *Id*.

The defendants filed a response to the motion explaining that Sheppard had a prescription for Pregabalin for diabetic neuropathy. Dkt. No. 8 at 1. Nurse Practitioner Nancy Bowens met with Sheppard on September 3, 2020 to discuss expectations regarding use of Pregabalin. *Id*. A week later, on September 8, 2020, Sheppard's Pregabalin levels were tested, and they were below the reference range. *Id*. This means that Sheppard was either diverting his Pregabalin or his body was not properly metabolizing the medication. *Id*. Either way, Pregabalin was no longer medically appropriate. *Id*. at 2. On September 23, 2020, Sheppard agreed to a trial of NSAID, TCA

(nortriptyline), and topiramate, which are common medications to treat diabetic neuropathy. *Id*. Sheppard has continued to receive treatment for his medical condition via other medication. *Id*.

To obtain a preliminary injunction, Sheppard has the burden of establishing that: (1) he is likely to succeed on the merits of his claim; (2) he has no adequate remedy at law; and (3) he is likely to suffer irreparable harm without the injunction. Fed. R. Civ. P 65(b); *see also Planned Parenthood of Ind., Inc. v. Comm'r of Ind. State Dep't of Health*, 699 F.3d 962, 972 (7th Cir. 2012) (citing *Am. Civil Liberties Union of Ill. v. Alvarez*, 679 F.3d 583, 589-90 (7th Cir. 2012)). In the context of prisoner litigation, there is an additional requirement that injunctive relief "must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct that harm." 18 U.S.C. §3626(a)(2); *see also Westefer v. Neal,* 682 F.3d 679, 683 (7th Cir. 2012).

Based on the defendants' response, the Court is satisfied that Sheppard does not have reasonable likelihood of success on the merits on his claim. Contrary to Sheppard's assertion, the defendants have been treating his medical condition with alternative medication. To the extent he wants specific medication, he does not have a constitutional right to the medication of his choosing. *See e.g. Walker v. Wexford Health Sources, Inc.,* 940 F.3d 954, 965 (7th Cir. 2019)("[A]n inmate is not entitled to demand specific care.") Further, as the Seventh Circuit has recently concluded, medical care providers are not deliberately indifferent when they stop a medication based on potential drug abuse. *See Lockett v. Bonson*, 937 F.3d 1016, 1024–25 (7th Cir. 2018).

Sheppard did not reply to, or otherwise dispute, any of the statements or arguments in the defendants' response materials. On the record before the Court, he has failed to show a reasonable likelihood of success on the merits. The Court will therefore deny Sheppard's motion for a preliminary injunction.

**IT IS ORDERED** that the plaintiff's motion for a preliminary injunction (Dkt. No. 2) is **DENIED**.

Dated at Green Bay, Wisconsin this 3rd day of May, 2021.

          s/ William C. Griesbach
          William C. Griesbach
          United States District Judge