IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

CHARLES SHEPPARD,

    Plaintiff,

v.                                                 Case No. 21-CV-127

NANCY BOWENS,

    Defendant.

## REPLY IN SUPPORT OF DEFENDANT'S
## MOTION FOR SUMMARY JUDGMENT

    Plaintiff is proceeding against Advance Practice Nurse Prescriber ("APNP") Nancy Bowens on First and Eighth Amendment claims under 42 U.S.C. § 1983 for stopping his Pregabalin and replacing it with Nortriptyline and Topiramate on October 2, 2020, allegedly because he had filed Case No. 18-CV-896 in the Western District of Wisconsin, and for not prescribing anything for his seizures.

    APNP Bowens was not aware of his previous lawsuit(s) and did not alter her treatment of him because of it (them). Nor was she deliberately indifferent to his medical condition. She stopped his Pregabalin after noting his *history of misuse* and *confirming with a blood test* that he was either misusing it again or that his body wasn't metabolizing it properly. She then replaced Pregabalin with appropriate drugs, using appropriate tapers, with no gap in coverage, and she increased the dosages of the replacement drugs twice to address plaintiff's claims of pain. Plaintiff has no right to a prescription or other course of treatment of his choice, and this

course of treatment was not clearly inappropriate. *See Pyles*, 771 F.3d at 409; *Snipes*, 95 F.3d at 592; *Estate of Cole*, 94 F.3d at 262. When APNP Bowens decided to see if Plaintiff could be approved for Pregabalin again, Plaintiff failed to respond to necessary requests for information. APNP Bowens treated Plaintiff appropriately, not with deliberate indifference, and her medical decisions were based on her reasoned professional judgment, not made in retaliation for any protected activity or to save money.

At a minimum, APNP Bowens is entitled to qualified immunity unless it would have been clear to a reasonable official in her position that her actions constituted deliberate indifference. *Pearson v. Callahan*, 555 U.S. 223, 236 (2009); *Saucier v. Katz*, 533 U.S. 194, 201 (2001). "[E]xisting precedent must have placed the statutory or constitutional question beyond debate." *Ashcroft v. al–Kidd*, 563 U.S. 731, 741 (2011). The Supreme Court has "repeatedly told courts . . . not to define clearly established law at a high level of generality. The general proposition, for example, that an unreasonable search or seizure violates the Fourth Amendment is of little help in determining whether the violative nature of particular conduct is clearly established." *Id.* at 742. Stated more generally, although a general rule may have been clearly established, a court's assessment that a jury could find particular acts to have been a violation of a general rule is not enough to support a denial of qualified immunity. *Id.* Rather, "[t]he dispositive question is 'whether the violative nature of *particular* conduct is clearly established.'" *Mullenix v. Luna*, 577 U.S. 7, 12 (2015) (quoting *Ashcroft*, 563 U.S. at 742) (emphasis in *Mullenix*). "This inquiry must be

undertaken in light of the specific context of the case, not as a broad general proposition." *Id.* (quoting *Brosseau v. Haugen*, 543 U.S. 194, 198 (2004) (quoting *Saucier*, 533 U.S. at 201 (2001))) (internal quotation marks omitted).

The Court of Appeals has taken the Supreme Court's admonitions seriously and several times recently reinforced the requirement of specificity in the qualified immunity analysis. *Day v. Wooten*, 947 F.3d 453, 460–61 (7th Cir. 2020) (reversing a denial of qualified immunity for relying on too broad a right); *Campbell v. Kallas*, 936 F.3d 536, 545–48 (7th Cir. 2019) (same); *Leiser v. Kloth*, 933 F.3d 696, 702–03 (7th Cir. 2019) (same). To avoid reversable error, a court must frame the right at issue with "reasonable specificity" based on the factual context. *Campbell*, 936 F.3d at 546. The Supreme Court very recently again reminded the lower courts of its "repeated[]" admonitions on this issue in one of two unanimous summary reversals of qualified immunity denials issued on the same date. *City of Tahlequah v. Bond*, No. 20-1668, --- S. Ct. ----, 2021 WL 4822664, at *2 (2021).

It is the plaintiff's burden to show the clarity in the law, not the defendant's burden to show a lack of clarity. The defendant need only raise the issue; it is the plaintiff's burden to identify controlling precedent putting it beyond debate that the defendant was violating a reasonably specific right. *Leiser*, 933 F.3d at 701.

Plaintiff cites no precedential cases making clear beyond debate that APNP Bowens could be liable for replacing a medication with another appropriate medication due to a history of diversion of the first medication and a blood test proving either current diversion or improper metabolization. Nor does he cite any

3

cases making clear beyond debate that APNP Bowens could be liable for increasing the dosage of the replacement medication when Plaintiff claimed the current dosage was not working for his pain. No evidence supports the argument that she persisted in a course of treatment known to be ineffective. Each time Plaintiff complained about the replacement medication not helping, she increased the dosage. That is undisputed. Nor does he cite any cases making clear beyond debate that APNP Bowens could be liable for requiring him to cooperate with her efforts to apply for a new prescription of Pregabalin, e.g., by explaining where his worst nerve pain is. Rather, Plaintiff simply invites the Court to make the same quintessential error in the qualified immunity analysis that the Supreme Court keeps chastising courts for making, i.e., to treat the qualified immunity step as essentially redundant with the liability step by denying qualified immunity based on the "clarity" of previous statements of broad standards of liability. APNP Bowens cannot be denied qualified immunity for allegedly violating the broad right "to be free from deliberate indifference in medical treatment."

## CONCLUSION

The Court should GRANT Defendant's Moton for Summary Judgment and enter judgment in her favor.

Dated this 9th day of November, 2021.

Respectfully submitted,

JOSHUA L. KAUL
Attorney General of Wisconsin

s/Eliot M. Held

ELIOT M. HELD
Assistant Attorney General
State Bar #1079681

Attorneys for Defendant

Wisconsin Department of Justice
Post Office Box 7857
Madison, Wisconsin 53707-7857
(608) 266-8554
(608) 294-2907 (Fax)
heldem@doj.state.wi.us