UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

CHARLES SHEPPARD,

    Plaintiff,

 v.              Case No. 21-C-127

NANCY BOWENS,

    Defendant.

## ORDER

On February 3, 2022, the Court granted the defendant's motion for summary judgment and dismissed this case. Dkt. Nos. 35-36. The Court concluded that the defendant's treatment of Plaintiff's diabetic neuropathy with NSAID, TCA, and Topiramate was consistent with accepted medical standards under the Eighth Amendment, and that Plaintiff did not have a constitutional right to the medication of his choosing (Pregabalin). Dkt. No. 35 at 5-8. The Court further noted that the defendant had attempted to take steps to get special approval for Plaintiff to be placed back on Pregabalin, but Plaintiff *still* had not given the defendant the information she needed to begin the process for applying for a Pregabalin prescription. *Id*. at 4.

On March 16, 2022, Plaintiff filed a motion for reconsideration. Dkt. No. 37. Defendant filed a response to the motion on March 16, 2022. *See* Dkt. No. 38. And Plaintiff did not file a reply.

Motions challenging the merits of the Court's ruling are considered under either Rule 59(e) or Rule 60(b). *See Obriecht v. Raemisch*, 517 F.3d 489, 493 (7th Cir. 2008). The substance of the motion, rather than the form of the motion, determines whether a motion is analyzed under Rule

59(e) or Rule 60(b). *Id*. (citing *Gleash v. Yuswak,* 308 F.3d 758, 761 (7th Cir. 2002). Rule 59(e) motions request the Court to alter or amend judgments on the basis of a manifest error of law or newly discovered evidence. Fed. R. Civ. P. 59(e). A "manifest error" is not demonstrated by the disappointment of the losing party; it is the wholesale disregard, misapplication, or failure to recognize controlling precedent. *Oto v. Metropolitan Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000). A motion under Rule 59(e) "must be filed no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e).

Rule 60(b), on the other hand, is "designed to address mistakes attributable to special circumstances, not to address erroneous applications of law." *Anderson v. Holy See*, 934 F. Supp. 2d 954, 958 (N.D. Ill. 2013). Under Rule 60(b), the Court may relieve a party from a final judgment or order based on: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud, misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief. Fed. R. Civ. P. 60(b). Rule 60(b) relief is "an extraordinary remedy and is granted only in exceptional circumstances." *McCormick v. City of Chicago*, 230 F.3d 319, 327 (7th Cir. 2000) (internal citations omitted). A motion under Rule 60(b) "must be made within a reasonable time—and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(b).

Plaintiff does not meet the standard for reconsideration under either Rule. With respect to Rule 59(e), Plaintiff's motion was filed more than 28 days after the Court entered judgment on February 3, 2022. *See* Dkt. No. 37. The defendant specifically raised this issue in her response to

the motion for reconsideration, *see* Dkt. No. 38, and Plaintiff did not reply to it. The Court therefore presumes that Plaintiff concedes this point.

The Court notes that Plaintiff wrote "mailed out March 1, 2022" on the bottom of page three of his motion for reconsideration, but he did not include with his motion any of the documentation necessary to invoke the "prison mailbox rule." *See e.g. Harris v. Schaller*, 830 F. App'x 787, 788 (7th Cir. 2020) (citing *May v. Mahone*, 876 F.3d 896, 898 (7th Cir. 2017) ("A prisoner invoking the [prison mailbox] rule must prove the date that he deposited his filing with the prison's legal-mail system in one of two ways. . . . He must submit either (1) a declaration under penalty of perjury of the date of deposit with proper postage or (2) 'evidence (such as a postmark or date stamp) showing that the paper was so deposited and that postage was prepaid.'"); *see Ingram v. Jones*, 507 F.3d 640, 644 (7th Cir. 2007) (concluding that a prisoner may only receive the benefit of the prison mailbox rule if he complies with its requirements, which includes filing a declaration or notarized statement); *see also Taylor v. Brown,* 787 F.3d 851, 860 (7th Cir. 2015) (noting that "prisoners are often required to submit a notarized affidavit attesting to the circumstances of the filing . . . and sometimes additional documentary or testimonial evidence is required."). Plaintiff did not comply with the requirements to invoke the prison mailbox rule and his motion for reconsideration was untimely filed. Therefore, he is not entitled to relief under Rule 59(e).

Even if Plaintiff's motion was timely, he would still not be entitled to relief for the same reason his motion for relief under Rule 60(b) fails. Both motions amount to little more than disagreement with the Court's analysis and decision. None of the six grounds for relief from judgment identified in Rule 60(b) apply in this case. Plaintiff first argues that the case needed an "unbiased" expert witness to provide information about his blood levels. Dkt. No. 37 at 1.

Plaintiff, of course, was free to submit that evidence at summary judgment. The Court was not responsible for finding (or paying) for expert witnesses for either party. More to the point, the lack of an expert witness on Plaintiff's behalf does not constitute a mistake, inadvertence, surprise, excusable neglect, newly discovered evidence, fraud, misrepresentation, or misconduct by an opposing party.

The remainder of Plaintiff's arguments amount to nothing more than disagreement with the Court's analysis. Dkt. No. 37 at 2-3. The Plaintiff reiterates throughout the motion that the Court "clearly did not look at my exhibits," that the Court "disregarded" and/or "minimized" certain pieces of evidence Plaintiff submitted, and that the Court generally did not draw all "reasonable inferences" from the evidence in his favor. *See Id*. Plaintiff also reiterates several times that requiring him to take "ineffective" medication for 4 to 5 months simply to test out new medication is deliberate indifference. Dkt. No. 37 at 1 and 3. But these are disagreements with the Court's legal conclusion. Plaintiff has not identified a mistake, inadvertence, surprise, excusable neglect, newly discovered evidence, fraud, misrepresentation, or misconduct by an opposing party. Therefore, Plaintiff also is not entitled to relief under Rule 60(b). The Court will deny the motion for reconsideration.

**IT IS THEREFORE ORDERED** that the plaintiff's motion for reconsideration (Dkt. No. 37) is **DENIED**. The Court notes that plaintiff requests that his motion be accepted as a notice of appeal in the event reconsideration is denied and directs the Clerk to process it accordingly.

Dated at Green Bay, Wisconsin this 11th day of April, 2022.

s/ William C. Griesbach
William C. Griesbach
United States District Judge